UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARQUIS CRAIG, | |
| Petitioner, | |
| v. | CAUSE NO. 3:21-CV-381-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Marquis Craig, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-8-505) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Craig argues that he is entitled to habeas relief because he did not possess a cellphone. He asserts that another inmate took responsibility for the cellphone found in his cell.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

> Departmental policy defines possession as:
>
> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

ECF 8-11 at 6. The administrative record includes a conduct report in which a correctional officer represents that he found a cellphone in the desk in Craig's cell. ECF 8-1. It also includes a photograph of the cellphone. ECF 7-2. The conduct report and the photograph constitute some evidence that Craig committed the offense of possessing a cellphone as defined by departmental policy. While the administrative record also contains a statement from another inmate that he left the cellphone in Craig's cell, neither ownership or knowledge are elements of the offense, and, even if they were, the hearing officer was not required to credit this statement. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Craig argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by cancelling his hearing due to the disruptive behavior of another inmate and finding him guilty without rescheduling another hearing. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The

record contains no indication that the hearing officer was personally involved with the discovery of the cellphone that was the subject of conduct report against Craig. Further, according to the hearing report, the hearing was cancelled as a result of Craig's disruptive behavior, suggesting that Craig effectively waived his right to a disciplinary hearing. ECF 8-5. Crediting Craig's account, the hearing officer may have mistaken Craig for the disruptive inmate, but this would amount to no more than an adverse ruling, which is insufficient, by itself, to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015).

Craig's claim of improper bias is more appropriately framed as the denial of the right to a disciplinary hearing. He explains that he was not able to present the exculpatory statements of other inmates to the hearing officer due to the lack of a hearing. However, the administrative record includes these statements, and the hearing report indicates that the hearing officer considered them in finding Craig guilty. ECF 8-5; ECF 8-6; ECF 8-7. Therefore, even crediting Craig's allegation of mistaken identity, the failure to reschedule the hearing amounted to harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same).

Craig argues that he is entitled to habeas relief because he was not able to present another inmate's statement that he put the cellphone in Craig's cell. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within

reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Contrary to Craig's allegations, the administrative record contains the statement of the other inmate and indicates that the hearing officer considered this statement in reaching a decision. ECF 8-5; ECF 8-6. Therefore, this claim is not a basis for habeas relief.

In sum, Craig has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Craig wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Marquis Craig leave to proceed in forma pauperis on appeal.

SO ORDERED on November 8, 2021

s/ Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge